UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. GRILL, | Case No. 2:26-cv-00652-DC-CSK (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA CIVIL RIGHTS DEPARTMENT, et al., | (ECF Nos. 3, 5) |
| Defendants. | |

Plaintiff James S. Grill is representing himself in this action.[1] Plaintiff initiated this action on March 2, 2026 and applied for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.) Because Plaintiff's affidavit was unsigned and incomplete, the Court denied Plaintiff's IFP application without prejudice. 4/21/2026 Order (ECF No. 4). On April 30, 2026, Plaintiff filed a renewed IFP application. (ECF No. 5.) Plaintiff also filed a First Amended Complaint on March 19, 2026. (ECF No. 3.)

For the reasons that follow, the Court recommends Plaintiff's IFP application (ECF No. 5) be DENIED, and the First Amended Complaint ("FAC") (ECF No. 3) be DISMISSED without leave to amend.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

**I.     MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,960.00. *See* U.S. Dep't Health & Human Services (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has made the required financial showing under 28 U.S.C. § 1915(a). (*See* ECF No. 5.) However, the Court recommends Plaintiff's IFP application be denied because the action is facially frivolous or without merit. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("[T]he district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit."); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's FAC that this action is frivolous or is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

## II.      SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's First Amended Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

## III.    THE FIRST AMENDED COMPLAINT

Plaintiff brings this Section 1983 action against Defendants State of California Civil Rights Department, Heather Ferreira, and "Shristy, Defendants['] Analyst II." FAC ¶¶ 11-12 (ECF No. 3). Plaintiff alleges he rented an apartment unit, detached by about 150 feet from his own residence, to Defendant Ferreira. *Id.* ¶ 14. Plaintiff hired a local handyman to replace a faulty water pipe on his property. *Id.* ¶ 15. Plaintiff alleges Defendant Ferreira falsely claimed that she was sexually harassed by the hired contractor, that Plaintiff enabled the harassment to occur on his property, and that Plaintiff threatened to retaliate if Ferreira complained. *Id.* ¶¶ 5, 15. Plaintiff alleges that Defendants California Civil Rights Department and Shristy issued a "Notice of Filing of Discrimination Complaint" charging Plaintiff with criminal violations based on Defendant Ferreira's false accusations.[2] *Id.* ¶¶ 1, 11 18, 24. Plaintiff seeks an injunction barring Defendants from prosecuting him for violations alleged in the Notice of Filing of Discrimination Complaint, as well as declaratory judgments that Defendants' actions violated Plaintiff's rights under the Fifth, Sixth, and Fourteenth Amendments. *Id.* at 7-8.

## IV.    DISCUSSION

Here, Plaintiff brings three purported causes of action against all Defendants: (1) violation of Plaintiff's rights under the Confrontation Clause of the Sixth Amendment; (2) violation of Plaintiff's rights under the Due Process Clause of the Fifth and Fourteenth

---

[2]  The FAC purports to incorporate by reference Exhibit B to the original Complaint, which is the Notice of Filing of Discrimination Complaint. FAC ¶ 6. But because an amended complaint supersedes any prior pleading, the FAC may not incorporate exhibits from a superseded pleading. *See* E.D. Cal. Local Rule 22. Nonetheless, the Court takes judicial notice of Exhibit B to the original Complaint (ECF No. 1) for screening purposes.

Amendments; and (3) lack of qualified immunity. FAC ¶¶ 16-24. Qualified immunity is an affirmative defense, and "[a] defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Accordingly, the Court will disregard the third "cause of action" alleging lack of qualified immunity in its review of the FAC.

### A.    Pro Se Plaintiff Cannot Represent a Trust as Trustee

It appears Plaintiff also seeks to bring this action on behalf of the Sisters of St. Patrick Revocable Trust. FAC ¶ 10. "A trustee may not represent a trust *pro se* in federal court." *Sundby v. Marquee Funding Grp., Inc.*, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Plaintiff may not bring this action on behalf of the Sisters of St. Patrick Revocable Trust because Plaintiff is pro se. Accordingly, the Court will disregard the Sisters of St. Patrick Revocable Trust in its review of the FAC.

### B.    Eleventh Amendment Immunity

Plaintiff's claims against Defendant California Civil Rights Department fail because they are barred by the Eleventh Amendment. Under the Eleventh Amendment, the State of California, including its agencies, is generally immune from federal lawsuits. *See Sato v. Orange Cnty Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) ("It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court."); *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("[Section] 1983 was not intended to abrogate a State's Eleventh Amendment immunity."); *Whiting v. California C.R. Dep't*, 2024 WL 4003177, at *3 (C.D. Cal. June 27, 2024) ("As to [the California Civil Rights Department], the State of California is generally immune in federal lawsuits under the Eleventh Amendment."). Thus, because Defendant California Civil Rights Department is immune from federal suit, Plaintiff's claims against this defendant should be dismissed without leave to amend.

/ / /

**C.    Failure to State a Claim**

Plaintiff's FAC fails to state a claim against any defendant under Section 1983. 42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Here, Plaintif's brief and conclusory allegations against Defendants do not suffice to show unconstitutional conduct under Section 1983.

1.    <u>Fifth and Fourteenth Amendment Violation for the Deprivation of Due Process</u>

The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977). The Due Process Clause of the Fifth Amendment is incorporated into the Fourteenth Amendment. *Id.* Here, however, the Fifth Amendment may not serve as a basis for Plaintiff's claim because "the Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Accordingly, Plaintiff fails to plead a cause of action against Defendants on the basis of the Fifth and Fourteenth Amendments.

/ / /

2.    Sixth Amendment Confrontation Clause

"The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him." *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). The "Confrontation Clause does not come into play until the initiation of criminal proceedings." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 742 (1984). Here, Plaintiff bases his claims on a "Notice of Filing of Discrimination Complaint" prepared by the California Civil Rights Department. FAC ¶ 1. Plaintiff has not alleged non-conclusory facts showing that he has been subjected to any criminal charges or a conviction. *Cf. id.* ¶ 26 ("Defendants have pre-imposed criminal actions, penalties and constitutional rights violations against Plaintiff and his Property."). To the extent his claims are based on an ongoing government civil or criminal investigation, Plaintiff has not alleged any constitutional violation because government investigations, standing alone, do not implicate the Sixth Amendment Confrontation Clause. *See SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. at 742.

3.    Private Actor

Plaintiff also fails to plead Section 1983 claims against Defendant Heather Ferreira because the FAC's allegations indicate Defendant Ferreira is a private actor. *See* FAC ¶¶ 5, 12, 14. Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). However, a private party's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002) (internal quotation marks and citation omitted). To prove a conspiracy between a state actor and a private actor, a plaintiff must show "an agreement of meeting of the minds to violate constitutional rights." *Id.* at 441 (internal quotation marks and citation omitted).

7

Here, the FAC alleges generally that "Defendants" "acted under the color of law." FAC ¶¶ 3, 11. These conclusory allegations do not show a meeting of the minds between Defendant Ferreira and state actors to violate Plaintiff's constitutional rights. Further, Plaintiff cannot establish joint action by alleging that the state defendants relied on Defendant Ferreira's false evidence to initiate an investigation. *See Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1357-58 (9th Cir. 1981) (person who supplies inaccurate information that leads to arrest is not involved in joint activity with state). Thus, Plaintiff fails to plead Section 1983 claims against Defendant Ferreira because he has not alleged facts showing she acted under color of state law.

### D.      Federal Rule of Civil Procedure 8

The FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). As discussed above, Plaintiff fails to allege that the Defendants engaged in any conduct that would support a claim under Section 1983.

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Based on these deficiencies, the FAC is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### E.      Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the FAC is without merit and that Defendant California Civil Rights Department is immune from suit. *See generally* FAC. Although Plaintiff has already amended his complaint once, the FAC does not contain facts supporting any cognizable legal claim against

8

Defendants. In light of the FAC's deficiencies, granting leave to amend would be futile. The FAC should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V.    CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 5) be DENIED;

2.    Plaintiff's First Amended Complaint (ECF No. 3) be DISMISSED without leave to amend; and

3.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 29, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, gril.0652.26

9